**Bill C. WAINWRIGHT et al.**

**v.**

**KRAFTCO CORPORATION (formerly National Dairy Products Corp.) et al.**

**Civ. A. No. 12278.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 6, 1973.

See also D.C., 54 F.R.D. 532.

Kilpatrick Cody, Rogers, McClatchey & Regenstein, Latimer, Haddon & Stanfield, Atlanta, Ga., for plaintiffs.

King & Spalding, Atlanta, Ga., Chadwell, Kayser, Ruggles, McGee, Hastings & McKinney, Chicago, Ill., for Kraftco.

Heyman & Sizemore, Atlanta, Ga., for Irvindale & Dairymen.

Webb, Parker & Ferguson, Atlanta, Ga., for Atlanta Dairies.

Cleary, Gottlieb, Steen & Hamilton, Washington, D. C., Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for Pet Inc.

Fortson, Bentley & Griffin, Athens, Ga., for Better Maid.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for Foremost-McKesson.

Wallace, Wallace & Driebe, Jonesboro, Ga., for Mathis.

Brown, Miller, Alagia & Senn, Louisville, Ky., for Dairymen.

Fisher & Phillips, Atlanta, Ga., for Farmbest.

## ORDER

EDENFIELD, District Judge.

The above-styled case is submitted to the court on the following four matters:

(1) Plaintiffs' and defendant Better Maid Dairy Products, Inc.'s ["Better Maid"] joint motion, filed September 14, 1972, to approve a settlement between the plaintiff class and defendant Better Maid pursuant to Rule 23(e), Fed.R.Civ. P.;

(2) Plaintiffs' motion, filed September 19, 1972, to amend their complaint pursuant to Rule 15(a), Fed.R.Civ.P.;

(3) Defendant Irvindale Dairies, Inc.'s ["Irvindale"] objections, filed November 30, 1972, to some of the rulings on discovery made by the Special Master in his Seventh Report which was filed November 20, 1972; and

(4) Defendant Kraftco Corporations' motion for continuance of the trial date, filed January 11, 1973.

Hearings were held and reported on all but the fourth matter.

### (1) *The Proposed Settlement*

Essentially, the proposed settlement between the plaintiff class and Better Maid, the terms of which are discussed in a "Covenant Not to Sue" which is on file with the court, provides that Better Maid shall be dismissed from this action upon payment of $40,000 to the plaintiff class. The settlement fund of $40,000 would be used to reimburse the Atlanta Board of Education for expenses incurred by it in prosecuting this litigation on its own behalf and on behalf of the class, with any remainder to be apportioned among the members of the class at the termination of the litigation. The "Covenant" states that the $40,000 is not related to or computed on the basis of Better Maid's sales of fluid milk to the plaintiff class and is only partial and incomplete compensation for the damages attributable to Better Maid's

sales, and that the plaintiff class reserves the right to include in the ultimate relief sought in this action all damages attributable to Better Maid.

At the hearing held on the settlement the court indicated its tentative approval of the terms and on January 3, 1973, pursuant to Rule 23(e), ordered a notice sent to the members of the class about the settlement. The Clerk of the Court received responses to the notice from four members of the class, all of whom expressed their approval of the settlement. None of the class members have indicated to the court any opposition to the settlement.

The role of the court in this matter is to make certain that the interests of the class have been sufficiently protected. To this end the court must determine whether the settlement was reached as a result of fraud or collusion and whether it is fair, adequate, and reasonable. Wainwright v. Kraftco Corp., 53 F.R.D. 78, 80 (N.D.Ga.1971). In making these determinations the court must not reach any dispositive conclusions on the unsettled legal issues in the case, but at the same time the court must "attempt to arrive at some evaluation of the points of law on which the settlement is based." West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1086 (2d Cir. 1971).

The court finds no evidence of fraud or collusion in connection with the settlement. Accordingly, the only determination left to be made is whether it is fair, adequate, and reasonable with respect to the class considering the points of law on which it is based.

It is well settled that an antitrust action is a tort action, Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 (1906), and that in multi-defendant antitrust actions the co-conspirator joint tortfeasors are jointly and severally liable for the entire amount of damages caused by their acts. *E. g.*, Washington v. American Pipe & Construction Co.,

280 F.Supp. 802 (S.D.Cal.1968). Thus an antitrust plaintiff may choose to sue but one of several co-conspirators, Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F.2d 1, 8 (9th Cir. 1963), and that one co-conspirator will be responsible for the entire amount of damages caused by all. *See* Washington v. American Pipe & Construction Co., *supra*, 280 F.Supp. 804–805. Of course an antitrust plaintiff may not recover double payment, and if during a case an antitrust plaintiff recovers an item of damage from one co-conspirator through a release he may not recover that same item later from another co-conspirator still in the case. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 348, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). This does not, however, diminish the responsibility of each co-conspirator for the entire amount of damages. Thus if an antitrust plaintiff sues four co-conspirators alleging $100,000 damages, and during the suit three of the co-conspirators are released upon a total payment of $50,000, and the jury returns a verdict assessing damages at $100,000, as a matter of computation the remaining co-conspirator is liable for the entire amount of damages trebled—$300,000—and his defense of payment will result only in a deduction of $50,000 from the trebled amount, leaving him with a liability of $250,000. Flintkote Co. v. Lysfjord, 246 F.2d 368, 397–398 (9th Cir.), cert. denied, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957).

■ Keeping these principles in mind, the court concludes that the settlement does not work to the prejudice of the class. Since the remaining defendants named in this action will still be responsible for the entire amount of damages caused by Better Maid, if any, the class will sustain no economic loss by settling with Better Maid now. Indeed, if all the defendants but one settled with the class, that remaining defendant would still be liable for the damages caused by all. Since Better Maid has agreed to open its files to the plaintiff class upon settlement, the class will not suffer any discovery loss either. Although it is unlikely that, aside from the Atlanta Board of Education, any of the members of the plaintiff class will receive any portion of the $40,000 settlement fund, the fund will be used to further the interests of the class, and the court has heard no objections from the class as to the use of the fund. In sum, the settlement with Better Maid appears to the court fair, adequate, and reasonable as far as the plaintiff class is concerned.

(2) *The Amendment of the Complaint*

Plaintiffs wish to accomplish two things through their proposed amended complaint which are contested:

1. They wish to extend the liability period of defendants, which in their current complaint runs from 1964 through 1968, back four years to include the period from 1960 through 1964; and

2. They wish to add Dairymen, Inc. as a party defendant.

■■ Turning to the first issue, the court notes that a Rule 15(a) motion to amend a complaint is addressed to the sound discretion of the court, and that in deciding whether to permit such an amendment the court must take into account any prejudice that the parties in the case may suffer as a result. Zenith Radio Corp. v. Hazeltine Research, Inc., *supra*, 401 U.S. 330–331, 91 S.Ct. 795.

■ The original complaint in this case was filed December 6, 1968, as amended as a matter of course pursuant to Rule 15(a) on December 19, 1968. Since that time and up until the filing of plaintiffs' instant motion several months ago, it appeared plaintiffs were seeking damages only for the four-year period allowed by the applicable statute of limitations. Although apparently some discovery relating to pre-1964 activities has been undertaken by both sides in this case, the focus has clearly

been on the 1964–1968 period of liability. Plaintiffs' amended complaint is based on a new allegation of fraudulent concealment of the alleged conspiracy, and it is through this allegation that plaintiffs seek to overcome the statutory limitations period. In view of the court's previous order setting the trial of this case for next month in mid-March, defendants would undoubtedly be severely prejudiced in their preparation for trial if the trial were to take place in March. Months, even years, of additional discovery have been requested by defendants to meet the amendment. Since this court, after many delays and continuances, is firmly committed to trying this case in March as planned, it cannot allow plaintiffs' amendment at this late hour.

A second reason for the court's decision in this regard is the class feature of the case. The plaintiff class has been notified only of the 1964–1968 liability period. The class members made their respective decisions to stay in the case or "opt out" in part, presumably, on such notification. It is very possible that a number of those who "opted out" would not have done so had they been told that dealings with the defendants from 1960 through 1964 were going to be included in the case. Thus if the court were to allow the amendment at this late hour, it would have to reopen the class and possibly redefine it, and set in motion once again all the notice provisions already completed. Moreover, the unitary class feature of the case might be defeated if the alleged fraudulent concealment did not apply to all class members and a whole series of separate trials might be needed to dispose of this matter. This would render the class action unmanageable in the court's view and not superior to other methods of handling the case within the meaning of Rule 23(b)(3), Fed.R.Civ.P.

For all these reasons the court will not allow the complaint to be amended as proposed by plaintiffs in paragraphs 5 through 13 of their proposed amended complaint. This ruling, of course, is without prejudice to plaintiffs' rights to assert a claim against defendants for the 1960–1964 period in some independent proceeding.

 The next contested issue is the proposed addition of Dairymen, Inc. as a party defendant. It is undisputed that in July or August of 1970 Dairymen, Inc. purchased all the assets of Irvindale Dairies, Inc., a defendant in this case. While plaintiffs and Irvindale vigorously dispute whether this corporate reshuffle constituted a merger under Georgia law, the court is of the view that it certainly constituted a "transfer of interest" within the meaning of Rule 25(c), Fed.R.Civ.P. Since joinder under Rule 25(c) is discretionary with the court, Television Reception Corp. v. Dunbar, 426 F.2d 174, 178 (6th Cir. 1970), and since it appears to the court that Dairymen, Inc. has or could have a burden of liability in this case as a result of its purchase of the assets of defendant Irvindale and that a multiplicity of lawsuits may be avoided if Dairymen, Inc. were joined as a party defendant, the court will order its joinder pursuant to Rule 25(c).* Moody v. Albe-

---

* The court does not expect that Dairymen, Inc. will need to undertake any significant discovery at this point. It did not sell milk in Georgia during the alleged conspiracy period and its joinder in this case relates only to defendant Irvindale's possible burden of liability which it may have to bear. Presumably, Irvindale has made available to Dairymen, Inc. the fruits of its discovery since the summer of 1970 and has kept Dairymen, Inc. apprised of all developments in the case. Dairymen, Inc. itself appeared specially in this case through its own counsel in August 1972 and has made several special appearances through its own counsel since that time. However, should Dairymen, Inc. need additional discovery at this point or should plaintiffs need discovery of Dairymen, Inc. at this point, discovery

marle Paper Co., 50 F.R.D. 494 (E.D.N. C.1970) ; Killebrew v. Moore, 41 F.R.D. 269 (N.D.Miss.1966).

■ Plaintiffs' proposed amended complaint contains other items as to which there is no controversy. In paragraph 1 of the proposed amended complaint they list the names of the current members of the Atlanta Board of Education. In accordance with Rule 25(d)(1), Fed.R.Civ.P., the court will allow the substitution of the names of these public officials as party plaintiffs, and will allow the complaint to be amended accordingly. In paragraph 2 of the proposed amended complaint plaintiffs' list of the current corporate names of the party defendants includes Dairymen, Inc. This amendment will also be allowed. In paragraph 3 of the proposed amended complaint plaintiffs allege general damages without a specific dollar figure as in the original complaint. This amendment will be allowed. In paragraph 14 of the proposed amended complaint plaintiffs restate paragraph 7 of the original complaint but remove the specific dollar figure of alleged damages and add a reference to the allegation that the conspiracy began in 1960. This amendment will be allowed without the reference to the allegation that the conspiracy began in 1960. Paragraphs 15 and 16 of the proposed amended complaint restate with minor changes paragraphs 8 and 9 of the original complaint and will be allowed. Paragraph 17 of the proposed amended complaint restates paragraph 10 of the original complaint but removes the specific dollar figure of alleged damages and adds a reference to the allegation that the conspiracy began in 1960. This amendment will be allowed without the reference to the allegation that the conspiracy began in 1960.

*(3) Objections to the Special Master's Seventh Report*

■ Defendant Irvindale filed objections to the Special Master's ruling which permitted plaintiffs to inspect and copy the purchase agreement between Irvindale and Dairymen, Inc. The court agrees with the Special Master that the agreement was discoverable. In addition, since Dairymen, Inc. is now a party defendant Irvindale's objections are moot.

*(4) Motion for Continuance*

■ Defendant Kraftco Corporation moves for a continuance on the basis of the fact that one of the two men it designated in January 1971 as its chief trial counsel in this case, Luther C. McKinney, Esquire, is also its trial counsel in a suit commenced in the United States District Court for the Eastern District of Missouri. The trial in the Missouri case began on December 4, 1972 and ran until December 15, 1972 when it was recessed. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri, informed Mr. McKinney on December 19, 1972, prior to the orders of this court setting March 12, 1973 as the trial date for this case, that the Missouri case would recommence on March 5, 1973 and that he would set aside two weeks to conclude it.

In view of the fact that the Missouri case has already begun, and in view of the court's belief that a client who has given a court ample notice of its desire to be represented by a specific attorney ought to be assured of such representation *if at all possible*, the court will grant the continuance and will begin the trial one week later, March 19, 1973.

For the foregoing reasons:

(1) Dr. Benjamin E. Mays, Charles L. Carnes, Mrs. June Cofer, Howard E.

will be permitted under the supervision of the Special Master to the extent that in the judgment of the Special Master it does

not unduly hinder the parties' preparation for trial or otherwise interfere with the trial date.

Klein, Jeremiah Luxemburger, Dr. J. A. Middleton, J. Frank Smith, Jr., Mrs. LeRoy Woodward, Dr. Asa G. Yancey, and William J. Van Landingham are hereby substituted as the party-plaintiff members of the Atlanta Board of Education in place of the persons listed as such in the original complaint, pursuant to Rule 25(d)(1), Fed.R.Civ.P., and the Clerk of the Court is hereby directed to amend the docket sheet accordingly.

(2) Dairymen, Inc. is hereby joined as a party defendant, pursuant to Rule 25(c), Fed.R.Civ.P., and the Clerk of the Court is hereby directed to amend the docket sheet accordingly.

(3) Plaintiffs' and defendant Better Maid Dairy Products, Inc.'s joint motion to approve the proposed settlement between the plaintiff class and Better Maid is hereby granted and the terms of the proposed settlement stand approved pursuant to Rule 23(e), Fed. R.Civ.P.

(4) Plaintiffs' motion to amend their complaint is granted in part and denied in part, as follows:

(a) It is granted to the extent that paragraphs 1, 2, and 3(a) of the proposed amended complaint shall be substituted in place of paragraphs 1, 2, and 3(a) of the original complaint as amended;

(b) It is granted to the extent that the text of paragraphs 15 and 16 of the proposed amended complaint shall be substituted respectively in place of the text of paragraphs 8 and 9 of the original complaint as amended;

(c) It is granted to the extent that the text of paragraph 14 of the proposed amended complaint, except for the words "since at least the 1960–1961 school year" and the words "since at least that time" appearing respectively on lines 7 and 8 of that paragraph, shall be substituted in place of the text of paragraph 7 of the original complaint as amended;

(d) It is granted to the extent that the text of paragraph 17 of the proposed amended complaint, except for the words "beginning at least in 1960, if not earlier" appearing on line 12 of subparagraph (b) of that paragraph, shall be substituted in place of the text of paragraph 10 of the original complaint as amended;

(e) In all other respects it is denied.

(5) Defendant Irvindale Dairies, Inc.'s objections to the Seventh Report of the Special Master are overruled and the rulings of the Special Master in his Seventh Report are affirmed.

(6) Defendant Kraftco Corporation's motion for continuance is granted and the trial of this case shall commence in this court on March 19, 1973, at 10:00 A.M.

It is so ordered.

