W. STANLEY COOKE, trustee, *vs.* WALTER KIDDE & CO., INC. (and three companion cases). September 18, 1979. By their several actions the plaintiffs sought to recover for damages they sustained when an air

support structure, purchased from Air Tech Industries, Inc. (Air Tech), a wholly owned subsidiary of Walter Kidde and Co., Inc. (Kidde), collapsed. Air Tech then commenced an action against the plaintiffs in which it sought to recover amounts alleged to be due on notes owed by the plaintiffs. All the actions were tried together before a master whose findings of fact were not final. The cases were then tried to a jury and verdicts were returned in favor of Air Tech and against all the plaintiffs. There was no error.

1. The plaintiffs claim that under G. L. c. 181, § 9, Air Tech may not maintain an action against them because it is a foreign corporation and it has failed to comply with the filing requirements of G. L. c. 181, §§ 3, 4. See *Goodwin Bros. Leasing* v. *Nousis*, 373 Mass. 169 (1977). We pass the question whether the level of activity performed by Air Tech in the erection of the air support structure was sufficient to require filing under G. L. c. 181, because Kidde, a company qualified to do business in the Commonwealth, was substituted for Air Tech in the proceedings below prior to judgment. Contrast *Lewis* v. *Club Realty Co.*, 264 Mass. 588, 590-591 (1928).

2. The plaintiffs, however, claim that the substitution of Kidde for Air Tech was error. We disagree. It is within the judge's discretion to "substitute parties . . . where a corporate dissolution or some other act affecting the capacity to sue has occurred during the pendency of an action." *United States* v. *F. D. Rich Co.*, 437 F.2d 549, 552 (9th Cir.), cert. denied, 404 U.S. 823 (1971). There was no abuse of that discretion. When these actions began Air Tech was a wholly owned subsidiary of Kidde. Subsequent to the commencement of these actions Air Tech sold certain of its assets to a third party and changed its name to A. T. Liquidating Corp. (A. T.). In December, 1976, A. T. was dissolved and its assets became the property of Kidde. See 7A Wright & Miller, Federal Practice and Procedure § 1958 (1972). We think that the acquisition of Air Tech's assets by Kidde constituted a "transfer of interest" within the meaning of Mass.R.Civ.P. 25(c), 365 Mass. 771 (1974). See *Wainwright* v. *Kraftco Corp.*, 58 F.R.D. 9, 13 (1973).

3. The plaintiffs' various contentions relative to certain evidentiary rulings are without merit. a. The plaintiffs assert that the exclusion of several questions to their witness Pullano on direct examination regarding discussions leading to the contract was error. The judge had ruled earlier that evidence of negotiations preliminary to the contract was not relevant. There was no objection to this ruling. See Mass.R. Civ.P. 46, 365 Mass. 811 (1974). Moreover, in the absence of an offer of proof, see Mass.R.Civ.P. 43 (c), 365 Mass. 806 (1974), there is no showing that it was prejudicial to refuse to admit the excluded testimony. *Mac-Rich Realty Constr., Inc.* v. *Planning Bd. of Southborough*, 4 Mass. App. Ct. 79, 85-86 n.9 (1976), and cases cited. b. The judge limited the plaintiffs' cross-examination of the former president of Air Tech as to "matters [plaintiffs] have already gone into with [other witnesses]." It is within the discretion of the trial judge to determine the scope of cross-examination. The judge determined that the jury had heard testimony with regard to the design of the anchor-

age system and that it was not necessary for the evidence to be repeat-
ed. "The admission or exclusion of merely cumulative evidence, that
adds nothing to evidence already in the case, does not require the
sustaining of exceptions, even though there was technical error." *Ben-
dett* v. *Bendett*, 315 Mass. 59, 65-66 (1943). Moreover, there was no
showing that the plaintiffs were harmed by the exclusion of the tes-
timony. c. The plaintiffs next argue that the judge erred when he
excluded evidence regarding the additional cost incurred by them in
reerecting the structure following its collapse. The judge requested
that the plaintiffs provide supporting documentation of that cost. It
does not appear in the record that the plaintiffs produced the request-
ed documentation or further pursued this line of inquiry. Such an
omission fatally "dispose[s] of [an] exception to a ruling which express-
ly was not final and which related to the order of proof, a matter [well
within] the discretion of the trial judge." *Donahue* v. *Kenney*, 330
Mass. 9, 12 (1953). d. The remaining contentions in this regard are
harmless or suffer from the same procedural defects already discussed
above.

4. The plaintiffs contend the judge failed to give thirty-six of their
requested instructions. The plaintiffs objected by saying: "You proba-
bly failed through all of my questions, Your Honor. That is why I am
vigorously taking exception to the failure to give, with the exception
of two, one through 37, Your Honor." The general objection to the
charge was inadequate to preserve the question for appellate review.
If a party is dissatisfied with the charge as given he is obligated to
bring the matters complained of to the judge's attention by identifying
the portion thought to be deficient with an explanation of the reason
or grounds for the objection. See Mass.R.Civ.P. 51(b), 365 Mass. 816
(1974). If a party fails to state distinctly the matter to which he objects
and the grounds therefor, he may not assign as error the giving or
failure to give an instruction. *Narkin* v. *Springfield*, 5 Mass. App. Ct.
489, 490-491 (1977).

5. The plaintiffs also contend that the judge erred by not instructing
the jury as they had requested "in connection with warranties and the
effectiveness of their disclaimer and unconscionability." We think
these matters were adequately covered in the judge's charge. A judge
is under no obligation to charge the jury in the specific language
requested by a party. See *Fialkow* v. *DeVoe Motors, Inc.*, 359 Mass.
569, 575 (1971).

6. At trial the judge permitted a demonstration consisting of the
erection of a model air structure. The model was not made to scale; it
had no doorway or heating; and it had only one boot. A wind tunnel
was not used. It is a matter for the judge's discretion whether in-court
demonstrations will be permitted. *Posell* v. *Herscovitz*, 237 Mass. 513,
517 (1921). And "[w]hether testimony as to experiments shall be ad-
mitted must be largely left to the discretion of the trial judge, and that
discretion will not be interfered with unless in its exercise he clearly
appears to be wrong." *Guinan* v. *Famous Players-Lasky Corp.*, 267
Mass. 501, 521 (1929). Prior to the demonstration the witness informed

the court that the demonstration would be a fair representation of the air structure in Pittsfield in 1966 and would show the reaction of an inflatable structure. He also testified that the same principles would apply to the model as to the actual structure even though the model was not built exactly to scale. The purpose was merely to give the jury a feeling for how the structure moves and reacts to wind. There was no abuse of discretion by the judge in permitting this demonstration. We cannot say that it was unduly misleading or that it was of no aid to the jury. *Id.* at 522.

The judgments in these cases were entered in the name of Air Tech. No judgment should have been entered on behalf of Air Tech as it was no longer a party to any of the actions. Accordingly, the judgments are to be amended so as to be in the name of Kidde rather than Air Tech. See *Lasquade* v. *Lippa*, 322 Mass. 287, 290 (1948). The judgments are otherwise affirmed.

*So ordered.*

*W. Stanley Cooke* for Crown Cocktail Lounge, Inc., & others.
*Frederick M. Myers* for Walter Kidde & Co., Inc.