MICHAEL B. MITCHELL & another[1] vs. KENNETH L. PIERCE & another;[2] ABALENE PEST CONTROL SERVICE, INC. & others,[3] third-party defendants. June 4, 1980. After a trial in the Superior Court, a jury returned verdicts which, in the original action, found for the plaintiffs and assessed damages in the amount of $10,000 and, in the third-party action, found against the third-party defendants, Abalene Pest Control Service, Inc. (Abalene), and Gordon O. Parker (Parker), and assessed damages against each in the amount of $5,000. The third-party defendants have appealed from the judgments entered on the verdicts and from orders denying their motions for judgment notwithstanding the verdicts and for a new trial. There was no error.

1. The motions for a directed verdict and for judgment notwithstanding the verdicts were properly denied. There was evidence that the third-party plaintiffs were unaware that the barn on their property was infested with wood-boring insects; that they had engaged the third-party defendants to inspect their property (including the barn) for the presence of such insects; that they had relied upon the inspection certificate issued by Abalene which stated that "there was no evidence of termite or other wood-destroying infestations in the . . . property" in selling the premises; and that the third-party defendants were negligent in the manner in which they conducted the inspection. On familiar principles, this evidence warranted submission of the third-party claim to the jury. See *Raunela* v. *Hertz Corp.*, 361 Mass. 341, 343 (1972); *DiMarzo* v. *S. & P. Realty Corp.*, 364 Mass. 510, 514 (1974); *Alholm* v. *Wareham*, 371 Mass. 621, 627 (1976). Each of the contentions argued by third-party defendants as entitling them to the allowance of their motions as a matter of law was correctly rejected, as each presented a question or questions of fact to be determined by the jury under instructions on the applicable law. Questions as to possible inconsistencies underlying the verdicts were not properly raised below and, as a result, are not considered here. Cf. *Bradley* v. *Fessenden*, 349 Mass. 429 (1965).

2. It was not error to deny the motion to strike the expert testimony of Robert Myles on the issue of damages. This witness, a carpenter and general contractor, testified to the extent of damage in the barn and the estimated cost of labor and materials to restore it to good repair. There was a sufficient factual basis to permit consideration of the testimony by the jury, and the objections lodged against it affected its weight rather than its admissibility. *Power Serv. Supply, Inc.* v. *E.W. Wiggins Airways, Inc.*, 9 Mass. App. Ct. 122, 130 (1980), and cases cited.

---

[1] Sally A. Mitchell.

[2] Mary Audrey Pierce.

[3] Dominick J. Carchedi and Gordon O. Parker. A motion for directed verdict by the third-party defendant Carchedi was allowed at the conclusion of the third-party plaintiffs' case.

3. In view of the terms of the written inspection certificate and the testimony of the witness Douglas Locke, no error has been shown in the judge's exclusion of the proposed testimony by one of Abalene's employees as to the prevailing practice in the pest control industry with reference to the duration of inspection certificates.

4. Read as a whole (*Valade* v. *Consolidated Builders, Inc.*, 3 Mass. App. Ct. 519, 521 [1975]), the judge's charge on the substantive legal principles involved in both the original and third-party claims adequately discharged his responsibility to "properly instruct the jury on the leading points of the case." *Bell* v. *Dorchester Theatre Co.*, 308 Mass. 118, 123 (1941). The failure of the third-party defendants to include in their requested instructions requests on any of the matters now claimed to have been omitted from the charge, and their failure to object to any part of the charge given, constitute separate grounds for rejecting their present contentions directed to the sufficiency of the charge. See Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974); *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491 (1977); *Cooke* v. *Walter Kidde & Co.*, 8 Mass. App. Ct. 902, 904 (1979).

5. The judge correctly denied requested instruction number 12 as an erroneous and incomplete statement of the law (*Commonwealth* v. *Monahan*, 349 Mass. 139, 170 [1965]), a proposition undoubtedly recognized by the third-party defendants when they failed to take an objection to the denial of the instruction or to seek further instructions on the various agency questions.

6. No abuse of discretion has been demonstrated in any other respect with regard to the judge's denial of the motion for new trial. *Loschi* v. *Massachusetts Port Authy.*, 361 Mass. 714, 715-716 (1972). *Reni* v. *Courtney*, 4 Mass. App. Ct. 235, 237-238 (1976).

> *Orders denying motions for a new trial and judgment notwithstanding the verdict affirmed.*
>
> *Judgments affirmed.*

*Andrew T. Campoli* for Abalene Pest Control Service, Inc. & others.
*Stephen E. Brodeur* for Kenneth L. Pierce & another.