Williams, PJ.
Before dawn on the day after Thanksgiving — “Black Friday” — in 2010, the plaintiff, Adrianne Armstrong (“Armstrong”), tripped on the base of a temporary crowd-control fence outside a store operated by Wal-Mart Stores East, L.P. (‘Wal-Mart”). At the trial of her personal injury claim against Wal-Mart, a jury found Wal-Mart not negligent. Armstrong argues that the trial judge’s jury instructions concerning open and obvious dangers were erroneous, and that certain expressions the judge used in his instructions invited the jury to cut its deliberations short, to Armstrong’s apparent detriment. She also submits that her motion for new trial should have been allowed. We find no error and dismiss the appeal.
Anticipating a herd of eager bargain hunters at its Avon store, Wal-Mart erected temporary crowd-control fences intended to direct customers into forming a line so that they would enter the store in a relatively orderly fashion. One of the fences had an elevated “foot” several inches above ground level, on which foot Armstrong tripped, falling to the ground. Armstrong’s fall, captured on video, allegedly led to shoulder and knee injuries.
Wal-Mart defended the ensuing action on the ground that Armstrong should have perceived, and avoided, the open and obvious danger that caused her injuries. At *110 trial, in September, 2012, Armstrong requested a jury instruction regarding the duty to warn and the law of open and obvious dangers as set out in Soederberg v. Concord Greene Condominium Ass’n, 76 Mass. App. Ct. 333, 338 (2010). Armstrong’s requested instruction read, in full:
Property owner must remedy dangers, even if open and obvious on its property where Defendant ‘can and should anticipate the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger.’
Confused by this language, the trial judge sought elucidation. Armstrong suggested that the language “means the owner or controller of the premises can anticipate a dangerous condition and should anticipate the dangerous condition and should take action.” When the trial judge deemed the instruction reasonable, Wal-Mart urged that Soederberg was specific to snow-and-ice cases. The trial judge then declared he would “stick with” the model instruction on open and obvious dangers, but then, after Armstrong argued that Soederberg was a 2010 decision “and this is a sentinel [sic] point that is adopted,” the judge said he would “probably give it.” In the event, the judge delivered, in essence, Instruction 4.01 of the District Court Civil Model Jury Instructions, issued in June, 2004, followed by the language Armstrong had requested.[2]
At a postinstruction sidebar conference, Armstrong objected to the instruction the court had delivered, and again requested the Soederberg instruction. Armstrong repeatedly said he had not heard the requested instruction, and the trial judge *111 repeatedly insisted he had given it. Armstrong then objected to that part of the charge advising the jury that a controller of premises is not required to warn patrons of open and obvious dangers, because Soederberg had superseded that principle. After telling the jury it was Armstrong’s counsel who had requested a supplemental “open and obvious” instruction, the judge gave the following instruction:
A property owner or possessor should not be relieved from remedying — remedying open and obvious dangers where it can and should anticipate that the dangerous condition will cause physical harm to the invitee (customer) notwithstanding its known or obvious danger. One of the specific circumstances where harm to others is foreseeable is where the possessor has reason to expect that the invitee (customer) will proceed to encounter the known or obvious danger because to a reasonable person in his position the advantages of doing so would outweigh the apparent risk.
Armstrong did not object to that instruction, and now concedes it was “correct.” She also did not object to any of the judge’s comments. She now argues, in essence, that the instruction as originally given had been confusing since it had coupled a defunct principle of law with the proper Soederberg language, and urges further that the judge should not have told the jury that if it answered the first question on the verdict form “No,” they could “go home.”
It is axiomatic that in order to preserve for appellate review the issue of a claimed deficient jury instruction, a party must properly object to that instruction. Mass. R. Civ. R, Rule 51 (b); Jarry v. Corsaro, 40 Mass. App. Ct. 601, 603 (1996). See also Lee v. Mt. Ivy Press, L.P., 63 Mass. App. Ct. 538, 560 (2005), citing, inter alia, Cormier v. Pezrow New England, Inc., 437 Mass. 302, 311 (2002); Jenkins v. Ellis, 2008 Mass. App. Div. 109, 111; Brossi v. Fisher, 1999 Mass. App. Div. 99, 102. Armstrong clearly objected to the instruction as originally given. But when Armstrong requested a supplemental instruction, the trial judge delivered to the jury precisely what Armstrong requested, as quoted above. The judge did not, as Armstrong requested, advise the jury that what he had originally instructed was erroneous. Immediately after giving the jury the supplemental instruction that Armstrong had requested, he explained the verdict siip to toe jury. During that explanation, he instructed that it the jury answered the first question — in essence, was Wal-Mart negligent — in the negative, “you go home.” Armstrong did not object to any aspect of the supplemental Soederberg instruction she had requested (including the judge’s advising the jury that it was Armstrong who requested that instruction and his neglecting or refusing to tell the jury that the original instructions were erroneous)[3] or to any part of the judge’s explication of the verdict slip, including the “go home” remark. She now complains that such a “dubious” comment improperly invited the jury to think about leaving the court house rather than about the facts of the case and its verdict. Her *112 failure to object at trial, however, to any part of the supplemental instruction forecloses appellate review. Having apparently acquiesced in the trial judge’s supplemental instruction, and having specifically failed to object to his comments, Armstrong cannot now contend that the instruction was deficient or that the comments were improper.[4] Jarry, supra at 607, citing Betty Corp. v. Commonwealth, 354 Mass. 312, 321 (1968). See also Cozzo v. Atlantic Refining Co., 299 Mass. 260, 269 (1938); Howe v. Palmer, 80 Mass. App. Ct. 736, 744 n.8 (2011); Third Plane Montessori, Inc. v. Berger, 2012 Mass. App. Div. 59, 64.
In summary, Armstrong did not preserve appellate-review rights as to the propriety of the jury instructions; even if she had done so, we would have found no error.
The appeal is dismissed.
So ordered.

 The instructions as given by the judge were as follows:
The duly of reasonable care that an owner or one in control of premises owes may include a duty to warn. It is up to you to determine whether a warning alone is sufficient to meet that duty; and if so, whether the warning given was sufficient.
A plaintiff is entitled to the presumption that if a warning had been given by the defendant, the plaintiff would have heeded or followed the warning; however, a landowner is not required to warn his or her visitor or patron about any open or obvious dangers. Excuse me. The landowner or one in control of the premises — in this case Wal-Mart — is only required to warn about dangers unlikely to be known by the visitor or patron and about which the landowner knows or reasonably should know about.
If a risk is of such a nature that it would be obvious to persons of average intelligence, there is ordinarily no duty on the part of the property owner — excuse me — to warn of the risk. A duty to warn arises if the landowner knows or reasonably should have known that a warning was needed.... Also, a property owner must remedy dangers even if open and obvious on its property where the defendant can and should anticipate the dangerous condition will cause physical harm to the invitee (the customer) notwithstanding its known or obvious danger.

 Although Armstrong mentions this latter point, she makes no substantive argument concerning it. We consider arguments that have not been briefed to have been waived, and we do not address them. Dist./Mun. Cts. R. A. D. A, Rule 16(a)(4) (“The Appellate Division need not pass upon questions or issues not argued in the brief.”). See, e.g., Mizhir v. Carbonneau, 2010 Mass. App. Div. 57, 62.

 The result here would be unchanged even if the issue had been properly preserved. That portion of the instructions concerning circumstances when no duty to warn arises does not reflect a disfavored or outdated principle of law. See Dos Santos v. Coleta, 465 Mass. 148, 154-155 (2013) (decided since the trial here); Papadopoulo's v. Target Corp., 457 Mass. 368, 379 (2010). See also Cracchiolo v. O’Hara Corp., No. 11-11195-DPW (D. Mass. May 22,2013). Both of these Supreme Judicial Court opinions cite Soederberg. Additionally, even if Armstrong had raised the issue with the trial judge of her dissatisfaction with his folksy explication of the verdict slip, we would not find that his wording constituted “prejudicial error.” G.L.c. 231, §108. The trial judge’s colloquial expression to the jury was clearly meant to convey that if it answered the first question in the negative, its task would be accomplished and it need progress no further so as to consider the remaining questions. The trial judge did instruct the jury to set aside its “personal feelings during ... deliberations and decide this case as the evidence and law dictates,” and we presume the jury followed such instructions. See, e.g., Costa v. Brait Bldrs. Corp., 463 Mass. 65, 75 (2012). We do not, in short, feel that the jury’s mission was derailed by the judge’s homespun phraseology.