MICHAEL G. OLSON & another[1] *vs.* GUARANTY BANK & TRUST COMPANY. No. 87-1332. February 13, 1989. *Practice, Civil,* Amendment, Com-

---
[1] Martin H. Seppala.

plaint, Instructions to jury. *Evidence,* Relevancy and materiality. *Consumer Protection Act,* Businessman's claim.

We sketch only those facts necessary to an understanding of our decision in this appeal. The plaintiffs, owners of a building used for steel fabrication, leased their property to Gardner Fabricated Steel, Inc. (Gardner). Later, Gardner obtained a loan from the defendant secured under agreement by all of Gardner's assets. In September of 1981, the defendant took possession of the leased premises in order to secure the collateral after Gardner had defaulted on the loan. In December of 1981, the defendant sold the collateral to Riverside Ship & Tank Works, Inc. (Riverside). Thereafter, Riverside began to remove the collateral. In the process, Riverside removed from the building some of the plaintiffs' property and damaged the building.

On February 22, 1982, the plaintiffs filed a complaint in the Superior Court against the defendant and Riverside alleging negligent supervision in the removal of the defendant's collateral, wrongful removal of the plaintiffs' property, breach of a rental agreement between the plaintiffs and the defendant, claims for additional rent, and violations of G. L. c. 93A. After the defendant had answered,[2] the plaintiffs were allowed, on August 17, 1984, to file an amended complaint which expanded somewhat on the claims involving the rental agreement, additional rent, and c. 93A violations. See Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974).

On November 7, 1986, two weeks prior to the scheduled commencement of trial, the plaintiffs filed a second motion to amend. That amendment sought to add an allegation of strict liability of the defendant under the Uniform Commercial Code, G. L. c. 105, § 9-313(8). No additional factual allegations were proposed. In support of their motion, the plaintiffs alleged that the amendment would "clarify plaintiffs' legal theories[3] and conform plaintiffs' complaint to the evidence which has developed during discovery and which the plaintiffs expect to introduce at the trial." The plaintiffs said there would be no prejudice to the defendant as "all parties have been aware that this action arises out of [the defendant's] exercise of its rights under Article 9 of the Uniform Commercial Code."[4] The plaintiffs did not request a continuance of the trial nor does the record show that the defendant did so. The motion was denied without finding on November 17, 1986.

A jury trial proceeded before a different Superior Court judge on November 20, 21, 24, 25 and 26 of 1986. On the fourth day of trial, Novem-

---

[2] A default judgment against Riverside was entered on the last day of trial, and Riverside is not a party to this appeal.

[3] The statement of a specific legal theory was not necessary, although permissible. See *Nader* v. *Citron,* 372 Mass. 96, 104 (1977), and authorities cited.

[4] As early as November 3, 1981, the defendant asserted rights as a secured party against Gardner under art. 9 of the Uniform Commercial Code. In a memorandum of October 15, 1986, in support of a motion unrelated to this appeal, the plaintiffs made express reference to a theory of recovery under G. L. c. 106, § 9-313(8).

ber 25, the defendant was allowed to file its answer to the amended complaint of August 17, 1984. The plaintiffs filed a timely request for a strict liability instruction under G. L. c. 106, § 9-313(8). The judge refused to give that instruction but did charge the jury that they could consider any violation of the statute on the question of the reasonableness of the defendant's conduct in connection with the removal of the collateral. The plaintiffs made no objection to the judge's refusal to instruct or to the instructions which he gave. Later, in ruling on the plaintiffs' posttrial motions, the judge said that he refused to give a strict liability instruction because it was based "on a theory of law not properly pleaded."

On the claims of wrongful removal of the plaintiffs' property and damage to their building, the judge put the case to the jury on theories of negligence and waste. The jury returned a general verdict for the defendant on all claims. Thereafter, the judge found for the defendant on the G. L. c. 93A claims and denied the plaintiffs' motion for a new trial. The plaintiffs appeal from the ensuing judgments and the denial of the motion for a new trial.

1. Even if we assume that there was error in the denial of the plaintiffs' second motion to amend, see generally, *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288 (1977); *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 549-551 (1987), that would not avail the plaintiffs in the circumstances, as they cannot now complain about the denial. This is so for several cumulative reasons.

As we have noted, the plaintiffs' proposed second amendment presented no new factual allegations. The factual underpinning for the theories of negligence and waste and the theory of strict liability under G. L. c. 106, § 9-313(8), was thus the same. See *Guardianship of Hurley*, 394 Mass. 554, 560 (1985); *Bengar* v. *Clark Equip. Co.*, 401 Mass. 554, 558 (1988); note 3, *supra*. The plaintiffs point to no aspect of the case as tried in the Superior Court which would have been different had the second amendment been allowed.[5] Indeed, at oral argument and in postargument submissions solicited by this court, the plaintiffs vigorously pursued the contention that the evidence presented at trial supported a strict liability recovery under G. L. c. 106, § 9-313(8). The plaintiffs did not renew before the trial judge the motion to make the second amendment nor did they move to amend the complaint to conform to the evidence. See Mass.R.A.P. 15(b), 365 Mass. 761-762 (1974). Compare *Goulet* v. *Whitin Mach. Works, Inc.*, *supra* at 553-554.

Even a failure to amend the complaint to conform to the evidence does not affect the result of the trial of the issues. See *Loranger Constr. Corp.* v.

---

[5] The plaintiffs' conclusory statement in their main brief that the denial of the amendment "effectively derailed the plaintiffs' case" does not rise to the level of appellate argument, see Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); *Penta* v. *Concord Auto Auction,* 24 Mass. App. Ct. 635, 642 (1987), and, indeed, is belied by counsel's statement at oral argument that all of the evidence is the same on the relevant theories.

*E.F. Hauserman Co.*, 376 Mass. 757, 761 (1978). Here, the plaintiffs timely filed a written request for a jury instruction which, generously read, stated a theory of strict liability under G. L. c. 106, § 9-313(8). In the instruction colloquy with counsel, the judge said he would allow the request, over the defendant's objection, if it was read "as creating a duty of reasonable care, not a duty of strict liability under 313(8)." The defendant's counsel pointed out that the plaintiffs' second motion to amend so as to add a claim under § 9-313(8) had been denied. The judge thought that the wording of the complaint was sufficient to take the case to the jury under § 9-313(8) on a theory of negligently caused damage. See note 3, *supra*. The plaintiffs' counsel not only registered no objection but agreed with the judge, stating that § 9-313(8) placed on the defendant, on "the facts of this case," an obligation to reimburse the plaintiffs if the defendant negligently caused damage to the plaintiffs' property in the course of the removal of the collateral. The judge instructed the jury accordingly. At the conclusion of a supplemental charge (dealing with matters not pertinent to this appeal) the plaintiffs' counsel said that he was satisfied with the judge's instructions. Not having objected, indeed, having urged and consented to the judge's instruction on the theory of liability as it related to a violation of § 9-313(8), the plaintiffs cannot now complain of the failure to give a strict liability instruction. See Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974); *Rice* v. *James Hanrahan & Sons*, 20 Mass. App. Ct. 701, 703-704 n.7 (1985).

2. It is unnecessary to reach the question of the propriety of the refusal of the judge to qualify the plaintiffs' appraiser as an expert. The jury returned a general verdict for the defendant which necessarily rejected all theories of liability. The appraiser's proposed testimony would have related only to damages.

3. On a general objection by the defendant, the judge excluded testimony of one of the plaintiffs that the defendant's attorney had told him that, if he attempted to enter the building, the defendant would have him arrested. We will uphold a ruling on a general objection if it is supportable on any ground. See *Palm* v. *Kulesza*, 333 Mass. 461, 463 (1956); *Commonwealth* v. *Mandeville*, 386 Mass. 393, 398 n.4 (1982). There was no abuse of discretion in the exclusion of the evidence for the reason, if no other, that the judge could properly have determined that it related to a time too remote to be relevant to the plaintiffs' state of mind when certain critical events involving the defendant's withdrawal from the plaintiffs' building occurred. See Liacos, Massachusetts Evidence 408-409 (5th ed. 1981 & Supp. 1985).

4. There was no error in the judgment for the defendant on the plaintiffs' G. L. c. 93A claims. The judge in his findings concluded that the jury were "amply warranted" in determining that the defendant had acted reasonably and violated no legal duty owed to the plaintiffs. As to the plaintiffs' allegations of "unfairness," the judge decided that it would be unfair to allow recovery to the plaintiffs "who had every opportunity to protect [their] property." Nothing in the defendant's dealings, the judge said, reached "a

level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Levings* v. *Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 504 (1979). On our review of the evidence, we cannot say that the judge's findings are clearly erroneous. See *McAvoy* v. *Shufrin*, 401 Mass. 593, 601 (1988).

5. For the reasons which we have discussed, there was no abuse of discretion in the denial of the plaintiffs' motion for a new trial.

*Judgments affirmed.*

*David A. Wojcik* for the plaintiffs.
*Seymour Weinstein* for the defendant.