OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division dismissing the complaint should be affirmed, with costs.
 

 A statement that plaintiffs’ decedent, a public relations consultant, had cancer was published in the August 27, 1991, issue of defendant’s publication "Star.” Plaintiffs contend that the published statement about decedent having been diagnosed with cancer is defamatory in two respects. First, according to plaintiffs, the nature of cancer is so inextricably intertwined with the thought of impending death that clients would lose confidence in the ability of plaintiffs’ decedent to supply public
 
 *1076
 
 relations services, thereby injuring her in her business. Alternatively, plaintiffs argue that cancer is, or has become associated with, a condition odious enough to drive away decedent’s clients in disgust or fear. Plaintiffs put forth no proof of damages or actual harm resulting from the complained of publication.
 

 As we stated in
 
 Aronson v Wiersma
 
 (65 NY2d 592), "[w]hether particular words are defamatory presents a legal question to be resolved by the court in the first instance * * * and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction”
 
 (id.,
 
 at 593-594). Generally, a written statement may be defamatory "if it tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community”
 
 (Mencher v Chesley,
 
 297 NY 94, 100). Even on a professional level, a defamatory meaning may attach to derogatory statements that would cause apprehension about a person’s ability to conduct business.
 

 In that sense, the statement that plaintiffs’ decedent had cancer did not defame her in her trade, business or profession. To be actionable as words that tend to injure another in his or her profession, the challenged statement must be more than a general reflection upon decedent’s character or qualities. Rather, the statement must reflect on her performance or be incompatible with the proper conduct of her business
 
 (see, e.g., Liberman v Gelstein,
 
 80 NY2d 429, 436;
 
 Aronson,
 
 65 NY2d at, 594;
 
 Sanderson v Caldwell,
 
 45 NY 398, 405 [words must "have such a relation to the profession or occupation of the plaintiff that they directly tend to injure him in respect to it”]). Here, however, the statement did not impugn, or even relate to, any particular talent or ability needed to perform in decedent’s profession as a publicist.
 

 Assuming, arguendo, that decedent’s general physical condition related to a "matter of significance and importance” in her work (Prosser and Keeton, Torts § 112, at 791 [5th ed]), there is no defamatory meaning attached to the statement at issue which would imply that decedent is incompetent, incapable or unfit. As stated by the Third Circuit in
 
 Chuy v Philadelphia Eagles Football Club
 
 (595 F2d 1265), "[p]ersons afflicted with cancer or other serious diseases, whether debilitating only or ultimately fatal, frequently carry on their personal or professional activities in today’s enlightened world in normal fashion and without any deprecatory reflection what
 
 *1077
 
 soever”
 
 {id.,
 
 at 1282). Looking at the published report in its entirety with the eyes of the average reader, as we must
 
 {see, Aronson,
 
 65 NY2d, at 594), the reported cancer diagnosis of decedent who was allegedly "determined to fight this illness,” does not connote an inability to service her public relations clients.
 

 Similarly, plaintiffs may not prevail on their alternative argument that the published statement is susceptible of imputing a loathsome disease to decedent. Cancer does not fall into the category of a loathsome disease since it "is neither contagious nor attributed in any way to socially repugnant conduct”
 
 (see, Chuy,
 
 595 F2d, at 1281). Furthermore, the record here supports the conclusion of the Appellate Division that "it cannot be said that society as a whole views” cancer as directly associated with any disease which might conceivably be characterized as "loathsome.”
 

 Finally, because the challenged statements were not defamatory as made against decedent personally, the claims of the corporate plaintiff must necessarily fall.
 

 Chief Judge Kay and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs, in a memorandum.