DAVID A. BROSSI, trustee, *vs.* DAVID W. FISHER.

No. 99-P-786, 99-P-787, & 99-P-837.

Middlesex. April 6, 2001. - May 10, 2001.

Present: ARMSTRONG, C.J., PERRETTA, & MASON, JJ.

*Landlord and Tenant,* Eviction, Constructive eviction, Attorney's fees. *Damages,* Attorney's fees. *Practice, Civil,* Instructions to jury, Attorney's fees, Costs. *Contempt.*

Although St. 1996, c. 358, § 8, provides that a judge presiding over a jury-of-six session in the District Court shall have "all the powers and duties which a judge sitting in the superior court department has and may exercise in the trial and disposition of civil cases," a District Court judge is without authority to enter an award of costs and attorney's fees under G. L. c. 231, § 6F, against a party found by the "court" to have advanced a claim that was "wholly insubstantial, frivolous, and not advanced in good faith," where the omission of the District Courts from the definition of "court" in § 6E reflected a legislative determination that litigants in smaller cases should not be threatened with the sanctions permitted by § 6F, and where, since the sanctions of c. 358 were available in some but not all counties, such a result would be arbitrary. [547-548]

On a tenant's appeal from litigation arising from damages to his landlord's premises and a subsequent eviction of the tenant, this court concluded that objections by the judge's instructions to the jury were waived, where not raised at trial; that complaints about the trial judge's failure to act on the tenant's requests for rulings of law had no merit, where the action was tried to a jury and the judge was not required to act on the requests; that testimony by the landlord with respect to the value and cost of repairs to the damaged property was properly admitted and supported the jury's award; and that a claim that the judge failed to find that the landlord's violation of G. L. c. 93A was wilful was barred, where such claim was not raised below. [548-550]

In actions between a landlord and tenant arising from damages to the landlord's premises and the subsequent eviction of the tenant, the judge properly dismissed a complaint for contempt filed by the tenant, alleging that the landlord was in contempt of an agreed judgment that had been entered in a summary process action, where the agreed judgment did not contemplate the circumstances that had arisen in the case and, therefore, there was no clear and unequivocal command which could support a contempt finding. [550-551]

SUMMARY PROCESS. Complaint filed in the Framingham Division of the District Court Department on February 23, 1995.

On appeal to the Superior Court Department, an agreement for judgment was entered by *Maria I. Lopez*, J.

CIVIL ACTION commenced in the Framingham Division of the District Court Department on October 15, 1996.

The case was tried before *Robert V. Greco*, J., and a motion for an award of attorney's fees and costs was heard by him.

COMPLAINT for contempt filed in the Superior Court Department on January 28, 1997.

The case was heard by *Margot Botsford*, J.

*Alan H. Aaron* for the defendant.

*John F. Del Prete, Jr.*, for the plaintiff.

MASON, J. After a six-person jury trial in Framingham District Court pursuant to c. 358 of the Acts of 1996,[1] David A. Brossi, trustee of the Simon Antonio Trust (landlord), obtained a judgment against David A. Fisher (tenant) for damages to an apartment at 47 Walsh Street in Framingham (premises), and to the unit below it, allegedly caused by the tenant's actions. He also obtained, pursuant to G. L. c. 231, § 6F, an award of costs and attorney's fees he had incurred in defending against certain counterclaims the tenant had brought. General Laws c. 231, § 6F, provides that, upon motion by any party after a judgment has been entered in a civil case, the court may award costs, including attorney's fees, against any party that has advanced a claim or defense that is "wholly insubstantial, frivolous and not advanced in good faith." The term "court" is defined in G. L. c. 231, § 6E, to include all the departments of the trial court other than the District and Municipal courts.[2]

The Appellate Division affirmed the judgment, but held that

---

[1]Chapter 358 created an experimental system in Norfolk and Middlesex Counties whereby civil cases became subject to a single trial in District or Superior Court, depending on the amount at stake, rather than the regular two-trial system provided by G. L. c. 231, §§ 102C, 104, and 109. The statute was originally in effect until July 1, 1998, but was subsequently extended so that it is now in effect through August 31, 2002, and extends to Bristol and Essex, as well as Norfolk and Middlesex counties. See St. 1996, c. 358, § 14, as amended by St. 1998, c. 157, as amended by St. 2000, c. 142.

[2]General Laws c. 231, § 6E, states that, as used in sections 6E to 6G inclusive, the word "court" shall mean the "supreme judicial court, the appeals court, the superior court, the land court, any probate and any housing court, and any judge or justice thereof."

the trial judge had no power to award attorney's fees or costs pursuant to G. L. c. 231, § 6F. See *Brossi* v. *Fisher*, 1999 Mass. App. Div. 99. The Appellate Division reasoned that the omission of the District and Municipal courts from the definition of "court" contained in G. L. c. 231, § 6E, reflected a legislative determination that "parties in cases of the size and type within the jurisdiction of those courts should not be threatened with the sanctions permitted by that statute," and that this determination was not changed or affected by c. 358. *Brossi* v. *Fisher*, *supra* at 104.

On appeal, the landlord contends that the Appellate Division was incorrect in ruling that the trial judge lacked power to enter an award pursuant to G. L. c. 231, § 6F, while the tenant asserts various errors in the trial itself. The tenant also appeals from the dismissal by the Middlesex Superior Court of a separate contempt action he brought against the landlord. We affirm the decision of the Appellate Division in all respects, and also the separate judgment of the Superior Court judge dismissing the tenant's contempt action.

*The facts.* In November, 1987, the tenant rented the premises from the landlord, paying $700 in advance for the last month's rent. In February, 1995, the landlord commenced a summary process action in Framingham District Court to recover possession of the premises. He obtained a judgment awarding him such possession, but the tenant appealed to Middlesex Superior Court. In July, 1996, while the appeal was still pending, the parties agreed to the entry of a judgment in the action which awarded the landlord possession of the premises, but also granted the tenant a stay of execution on the judgment until May 1, 1997.

On October 2, 1996, however, the landlord, the police, and the city building commissioner were called to the tenant's apartment as a result of a complaint by a downstairs neighbor, who had returned from a trip to find her apartment flooded and bearing a very strong, unpleasant odor. After a temporary standoff when the tenant refused entry, the landlord, police, and town officials entered the apartment, discovering unsanitary conditions including a burst pipe (which had occurred a week earlier, with no notice to the landlord), quantities of trash and garbage and

piles of paper towels, rotting food, and human waste on the floor. The building commissioner condemned the tenant's apartment and that of the downstairs neighbor, and ordered the tenants to vacate. The city board of health ordered the landlord to repair the conditions.

The landlord made the repairs at an estimated cost of $18,000, for which he obtained some insurance reimbursement. The kitchen cabinets, garbage disposal, refrigerator, stove, stove hood, subfloor, floor tile, and ceramic tile were replaced. He had all debris thrown into a dumpster and changed the locks. All personal property of the tenant not reclaimed or dumped as trash was placed in storage at the landlord's expense, and the landlord offered to have it delivered anywhere within a 100 mile radius. The tenant did not pay rent for October and returned only once to remove personal property while work was being done. The tenant never contacted the landlord to regain possession.

On October 15, 1996, the landlord commenced a second action in Framingham District Court (damages action) to recover damages for the tenant's waste of the premises. The tenant counterclaimed for his last month's rent plus interest on the same under G. L. c. 186, § 15B(2)(*a*), conversion of his personal property, violations of G. L. c. 93A, breach of the covenant of quiet enjoyment, and wrongful eviction under G. L. c. 186, § 14.

Following trial before a jury of six pursuant to the provisions of c. 358, the jury awarded the landlord $6,350 on his claim for damages. The jury also found for the landlord on the tenant's counterclaims for constructive eviction, breach of quiet enjoyment, conversion of personal property, and return of the last month's rent. On the tenant's counterclaim pursuant to G. L. c. 186, § 15(B)(2)(*a*), for interest on the last month's rent, the jury, having been instructed to treble any amount due as required by the statute, awarded $409.50 to the tenant. The jury also awarded the tenant $1,000 for damages to his personal property.

The trial judge found for the tenant on his counterclaim under G. L. c. 93A, but solely on the basis of the landlord's violation

of G. L. c. 186, § 15B(2)(*a*).[3] As damages had already been awarded and trebled by the jury, the judge assessed only $25 in damages and $600 in attorney's fees. See G. L. c. 93A, § 9(3). The judge further found that, "in the circumstances of this case," the landlord's violation of G. L. c. 93A was not "willful or knowing" for purposes of multiple damages under that statute. *Ibid.*

The trial judge further noted in the judgment that his powers under c. 358 would arguably "encompass the power to assess costs and attorney's fees under G. L. c. 231, [§ ] 6F." The landlord accordingly moved for an award of such costs and attorney's fees and, in response to the motion, the trial judge allowed the landlord $295.84 in costs and $1,541.50 in attorney's fees.

1. *Landlord's appeal from § 6F ruling.* In contending that the Appellate Division erred in concluding that the trial judge lacked power to enter an award under G. L. c. 231, § 6F, the landlord points to § 8 of c. 358. That section provides that a justice presiding over a jury-of-six session in the District Court shall have and exercise "all the powers and duties which a justice sitting in the superior court department has and may exercise in the trial and disposition of civil cases." See St. 1996, c. 258, § 8. The landlord contends that, because Superior Court judges have power to make awards under § 6F in the disposition of civil cases in Superior Court, c. 358 gives the same power to District Court judges in the disposition of civil cases in District Court.

As the Appellate Division noted, however, the omission of the District Courts from the definition of "court" in G. L. c. 231, § 6E, appears to reflect a legislative determination that litigants in smaller cases should not be threatened with the sanctions permitted by § 6F. We can find no indication that the Legislature, in enacting c. 358, intended to change or affect this result. Cf. *Commonwealth* v. *Russ R.*, 433 Mass. 515, 519-524 (2001) (Juvenile Court judges lack power to grant immunity to witnesses even though statute grants such power to Superior Court judges and separate statute provides that judges presiding over

---

[3] The judge erroneously referred to § 18B(2)(*a*).

jury sessions in Juvenile Court shall have same powers as judges presiding over such sessions in Superior Court). Chapter 358 was the Legislature's response to the growing inefficiencies of the "transfer system" of removal, remand, and appeal of civil cases between the District and Superior Courts. See *Bender* v. *Automotive Specialties, Inc.*, 407 Mass. 31, 35-36 (1990) (inviting such legislative response). It does not purport to create any new substantive rights.

Moreover, as noted above, c. 358, as originally enacted, applied only in Norfolk and Middlesex Counties. It now applies only in Norfolk, Middlesex, Bristol, and Essex Counties. It is doubtful that the Legislature would have intended to make awards of costs and attorney's fees available in District Court cases in some counties but not in others. Any such result would appear arbitrary and, hence, raise substantial constitutional concerns. Cf. *Lavelle* v. *Massachusetts Commn. Against Discrimination*, 426 Mass. 332, 337 (1997) (Legislature could not, consistent with equal protection clause, afford litigants unequal jury trial rights). We normally construe a statute in a way to avoid such constitutional problems, if reasonable principles of interpretation permit. See *Department of Rev.* v. *C.M.J.*, 432 Mass. 69, 77 (2000). The contrary interpretation, moreover, would create problems of fit with the appellate provisions of G. L. c. 231, § 6F, which make no provision for District Court appeals. The usual Appellate Division route is plainly not within the contemplation of that section.

We therefore agree with the Appellate Division that the trial judge did not have the power to enter an award under G. L. c. 231, § 6F.

2. *Tenant's appeal.* (a) *Errors at trial.* The tenant claims that the trial judge committed several errors in the trial of the damages action, including (1) instructing the jury, in connection with the tenant's counterclaim for constructive eviction, that they could consider whether the landlord had any reason to know that the tenant wished to return to the apartment after the building commissioner had ordered him to vacate, or whether the tenant had abandoned the premises, (2) instructing the jury, in connection with the tenant's counterclaim for his last month's rent, that they could consider whether the landlord was entitled

to retain such rent because the tenant's actions prevented him from renting out the premises during the period covered by the rent[4]; (3) failing to find that the landlord's violation of G. L. c. 93A was "willful or knowing"; and (4) failing to take any actions on certain requests for rulings of law he submitted. The tenant also claims that the landlord should not have been permitted to estimate the costs he incurred in repairing the premises when actual expenses were available and that there was no other competent evidence supporting the jury's award of damages to the landlord.

We reject each of these claims for substantially the same reasons stated by the Appellate Division. To the extent the tenant is complaining about the trial judge's jury instructions, he did not object to the instructions at the time they were given and hence waived such objections. See Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974); *Olson* v. *Guarantee Bank & Trust Co.*, 26 Mass. App. Ct. 1026, 1029 (1989). To the extent the tenant is complaining about the trial judge's failure to act on his requests for rulings of law, the action was tried to a jury and, hence, the trial judge was not required to act on the requests. Mass.R.Civ.P. 64A, 365 Mass. 822 (1974). See *DiGesse* v. *Columbia Pontiac Co.*, 369 Mass. 99, 103-104 (1975). The landlord's testimony with respect to the value of his property damaged by the tenant's actions as well as his costs of repairs was properly admitted and supported the jury's award. See *Medford Hous. Authy.* v. *Marinucci Bros & Co.*, 354 Mass. 699,

---

[4]The tenant also claims that he was entitled to a directed finding on his claim for his last month's rent since the landlord testified that he had not repaid it. However, as the Appellate Division noted, see 1999 Mass. App. Div. at 101 n.2, the tenant paid no rent for the month of October, 1996, even though he occupied the premises for part of the month and caused the premises to be uninhabitable and tied up for repairs during the remainder of the month. In these circumstances, we think that the tenant remained obligated to pay rent for the entire month of October and, hence, was not entitled to a directed finding on his claim for return of his last month's rent. See G. L. c. 239, § 8A; *Boston Hous. Authy.* v. *Hemingway*, 363 Mass. 184, 201 (1973) (tenant is not relieved of obligation to pay rent where his own actions cause premises to be uninhabitable). We need not decide this issue, however, since it was not properly presented to the Appellate Division, see 1999 Mass. App. Div. at 101 n.2, and the tenant is accordingly barred from pursuing it here. See *Kelsey* v. *Hampton Ct. Hotel Co.*, 327 Mass. 150, 152 (1951).

703-704 (1968); *von Henneberg* v. *Generazio*, 403 Mass. 519, 524 (1988).

Finally, to the extent the tenant is claiming that the trial judge's "willfulness" finding was somehow erroneous, it appears that he failed to make any such claim to the Appellate Division and, hence, is barred from pursuing it here. See *Kelsey* v. *Hampton Ct. Hotel Co.*, 327 Mass. 150, 152 (1951). In any event, the landlord's bookkeeper testified at trial that the landlord had established a policy, a copy of which was attached to the tenant's lease, allowing the tenant to deduct the annual interest on his last month's rent from his rental payments and that, when the tenant did not do this, but instead requested cash payments, the landlord promptly paid him. While the landlord subsequently failed to send the tenant the remaining interest due within 30 days of the termination of his tenancy, as G. L. c. 186, § 15B(2)(*a*), requires, the landlord's default occurred only in the context of the tenant's causing substantial damage to the premises, as well as the unit below it, rendering the parties' respective rights and obligations uncertain. See G. L. c. 186, § 15B(4)(iii). In these circumstances, the trial judge was not required to find that the landlord's violation of G. L. c. 186, § 15B(2)(*a*), was knowing or wilful within the meaning of G. L. c. 93A, § 9(3). See *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 853 (1983).

*b. Dismissal of separate contempt action.* Shortly after the landlord filed his damages action, the tenant filed a complaint for contempt against the landlord in Middlesex Superior Court, alleging that the landlord was in contempt of the agreed judgment that had been entered in the summary process action because he had rented the tenant's now-refurnished apartment to a third party. After holding a hearing, a Superior Court judge dismissed the action, finding that the agreed judgment that had been entered in the summary process action did not contemplate or address the circumstances that had arisen in the case and that, therefore, there was no clear and unequivocal command which could support a contempt finding. See *Nickerson* v. *Dowd*, 342 Mass. 462, 464 (1961); *Larson* v. *Larson*, 28 Mass. App. Ct. 338, 340 (1990).

We have reviewed the agreed judgment and find no error in

the trial judge's conclusion that it did not address the circumstances presented by the tenant's extraordinary action and the building commissioner's resulting order to vacate. The tenant's complaint for contempt was therefore properly dismissed.

*Decision of the Appellate Division and judgment of the Superior Court affirmed.*