Wright, J.
This is a Dist/Mun. Cts. R A D. A, Rule 8C, appeal by the plaintiff of the dismissal of his claim for invasion of privacy for lack of subject matter jurisdiction.
In January, 1997, plaintiff Paul F. Ryan (“Ryan”) resigned as the general manager of defendant Haverhill Publishing, Inc. Alleging that the defendants thereafter unlawfully opened mail addressed to him at Haverhill Publishing and disseminated the contents to other persons, Ryan filed this action in the Haverhill Division of the District Court Department on March 4,1998. Ryan’s complaint set forth five claims against the defendants for invasion of privacy in violation of G.L.c. 214, §1B, conversion, intentional infliction of emotional distress, negligence and defamation.
Tlie trial court allowed the defendants’ motion for summary judgment on counts two through five, and dismissed count one for invasion of privacy on the ground of lack of jurisdiction. Ryan has appealed only the order of dismissal.
Section IB of G.L.c. 214 vests the Superior Court with exclusive jurisdiction over claims for invasion of privacy. Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 174. The statute provides, in unambiguous terms, that
[a] person shall have a right against unreasonable, substantial or serious interference with his privacy. The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages [emphasis supplied.].
The express grant of G.L.c. 214, §1B jurisdiction to the Superior Court must be construed as a legislative exclusion of the District Courts as the proper judicial forum for invasion of privacy claims.[2] See generally, Bagley v. Illyrian Gardens, Inc., 401 Mass. 822, 824 (1988); Sheridan v. Action 6 Bay State Travel, Inc., 1993 Mass. App. Div. 183, 183-184.[3]
The dismissal of Ryan’s invasion of privacy claim is affirmed. Appeal dismissed.
So ordered.

 This action was commenced prior to the effective date of St 2000, c. 142, which expanded the one trial system for civil cases in effect in Middlesex and Norfolk Counties (St 1996, c. 358) by adding Essex and Berkshire Counties.

 The defendants’ brief indicates that Ryan filed a G.L.c. 214, §1B invasion of privacy complaint in the Essex Superior Court on September 8,2000.