Merrick, P.J.
This is a Dist/Mun. Cts. RAD.A, Rule 8C, appeal by the plaintiff of the allowance of summary judgment in favor of the defendant
The facts, viewed in the light most favorable to the plaintiff, Harrison v. Netcentric Corp., 433 Mass. 465, 468 (2001), are as follows: Plaintiff Veronica Ravnikar and defendant Sergei Bogojavlensky are both physicians specializing in obstetrics and gynecology. The plaintiff further specializes in reproductive endocrine issues. She sees patients at the University of Massachusetts Medical Center at Worcester, largely on referrals from primary care physicians or obstetrics and gynecology specialists. The defendant practices in Fitchburg.
In 1995, the plaintiff was diagnosed with breast cancer. It was discovered early and was localized. The plaintiff underwent a six week course of radiation therapy, and had no further problems with it Two or three doctors and some nurses where she worked were aware of the plaintiffs illness.
In September of 1998, a patient had her first appointment with the defendant The patient told the defendant that she was going to go and see the plaintiff. The defendant responded, “Oh, she’s dying of breast cancer. Its such a shame. She’s a young woman.” While the defendant claimed that it was “common knowledge” among “people I work with” that the plaintiff had a serious case of breast cancer, he conceded that he had no belief or reason to believe that she was dying from the disease.
The patient later went to see the plaintiff. On her second visit with the plaintiff, the patient reported what the defendant had told her. The patient continued to see the plaintiff. There is no evidence that anyone else heard from the defendant that the plaintiff had cancer or was dying, nor is there any evidence of lost income or other special damages.
The plaintiff was, however, greatly upset by the report She wrote to the defendant requesting an apology and the identity of the source of the rumor. When neither was forthcoming, the plaintiff brought an action against the defendant to recover damages for defamation (Count I), intentional interference with business relations (Count IT), invasion of privacy in violation of G.L.c. 214, §1B (Count III) and unfair and deceptive business practices in violation of G.L.c. 93A, §11 (Count IV). The action was originally filed in the Superior Court but was dismissed for lack of jurisdiction because of the absence of any likelihood of recovery of damages in excess of $25,000.00. The dismissal was ordered pursuant to the “one civil trial” system created by St 1996, c. 358, as amended by St 2000, c. 142, without objection and before an appearance by the defendant The action was then refiled in the District Court
The parties filed cross-motions for summary judgment The plaintiff has *198 appealed the courfs allowance of summary judgment for the defendant on Counts I and HI of her complaint for defamation and invasion of privacy.[1]
1. The defendant argues that the statements allegedly made by him are not defamatory. “Words may be found to be defamatory if they hold the plaintiff up to contempt, hatred, scorn, or ridicule, or tend to impair his standing in the community ...” Grande & Son, Inc. v. Chace, 333 Mass. 166, 168 (1955). See also Poland v. Post Publishing Co., 333 Mass. 701, 704 (1953). “The incurrence of a crippling or fatal illness is indeed unfortunate but, unless the disease is loathsome, it does not tarnish the victim’s reputation or cause others to spurn him.” Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1282 (3rd Cir. 1979). Further, there is no evidence of special damages herein. The patient to whom the statements were made continued to see the plaintiff and there is no indication that the plaintiff actually lost any business as a result of the defendant’s statements.
Although the alleged statements are not inherently defamatory and the plaintiff has no evidence of special damages, she could recover if she proved that the statements of the defendant were actionable per se. Morashe v. Brochu, 151 Mass. 567, 574-575 (1890). The plaintiff contends that the statements are actionable per se as tending to disparage her ability to practice her profession.[2] “Words are to be held actionable per se which convey an imputation upon one in the way of his profession or occupation, and in such case there need be no averment of special damages.” Id. at 575. The closer question is whether a statement that a physician has contracted terminal cancer is defamatory per se as reflecting adversely on the plaintiffs ability to practice her profession. Neither party offers any authority on that particular issue.
The Court of Appeals of New York has dealt with the specific issue and ruled that such a statement does not reflect on a person’s fitness to practice an occupation. Golub v. Enquirer/Star Group, Inc., 681 N.E. 2d 1282, 89 N.Y.2d 1074 (1997). As the court therein reasoned, “[p]ersons afflicted with cancer or other serious diseases, whether debilitating only or ultimately fetal, frequently carry on their personal or professional activities in today’s enlightened world in normal fashion and without any deprecatory reflection whatsoever.” Id., 681 N.E.2d at 1283.
Summary judgment was properly allowed on the plaintiffs claim for defamation set forth in Count I of her complaint
2. With respect to Count IH, the claim for invasion of privacy, the defendant argued before both the trial judge and this Division that the District Court lacks subject matter jurisdiction to hear such a claim. Section IB of G.Lc. 214, which created a remedy in the nature of a civil action to enforce the right of privacy, vests the Superior Court with exclusive jurisdiction over such claims. Ryan v. Normandin, 2001 Mass. App. Div. 148; Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 175.
The plaintiff contends, however, that the statutory experiment of a “one civil *199 trial” system in four counties[3] grants jurisdiction over such claims to the District Court in the counties affected. That experiment, embodied in St 1996, c. 358 as most recently amended by St 2000, c. 142, provides that a civil action, which would formerly have been within the concurrent jurisdiction of the District and Superior Courts and governed by the appeal or transfer system set out in G.L.c. 231, §§97-107, may now be the subject of only one trial, bench or jury, in the District or Superior Court depending on the likelihood of damages in the range of the jurisdictional amount assigned to that court. The District Court now has exclusive jurisdiction, in the four counties involved, over civil cases in which the two courts would formerly have had concurrent jurisdiction and where there is no reasonable likelihood that damages will exceed $25,000.00. Section 4 of St 1996, c. 358 states:
[Djistrict courts in [the four designated] counties shall have exclusive original jurisdiction of civil actions, otherwise subject to transfer, retrans-fer, removal and appeal, pursuant to sections ninety-seven to one hundred and seven, inclusive, of chapter two hundred and thirty-one of the General Laws, in which there is no reasonable likelihood that recovery by the plaintiff will exceed twenty-five thousand dollars ...
With respect to the conduct of jury trials in such cases in the District Court, St 1996, c. 358, §8 provides, in pertinent part
The justice presiding over a jury of six session shall have and exercise all powers and duties which a justice sitting in the superior court department has and may exercise in the trial and disposition of civil cases including the power to report questions of law to the appeals court
Trials by juries of six shall proceed in accordance with the provisions of law applicable to trials by jury in the superior court...
Contrary to the plaintiff’s assertion, neither that language, nor the grant of general equity powers in such cases to the District Court, extends its jurisdiction to cases over which the Superior Court has had exclusive jurisdiction.
Section 3 of Chapter 358 grants the District Court equitable powers in cases ordinarily within District Court jurisdiction, but the statute does not otherwise expand District Court jurisdiction. The Superior Court retains exclusive jurisdiction of those statutory causes of action heretofore assigned to it See, for example, G.L.c. 258 (Massachusetts Tort Claims Act); G.L.c. 231A (Declaratory Judgments); and G.L.c. 214, §1B (Invasion of Privacy).
Brossi v. Fisher, 1999 Mass. App. Div. 99, 101, aff'd 51 Mass. App. Ct. 543 (2001) ,[4] The “one cavil trial experiment” is designed to test a potential revision of the appeal and transfer system. Id., 51 Mass. App. Ct. at 548. “We have concluded that the statute was not intended to alter any other legislative policies.” Id. 1999 Mass. App. Div. at 102, dt- *200 ing Residence Inn by Marriott, Inc. v. Flavel, 1998 Mass. App. Div. 170, 171. The District Court lacks subject matter jurisdiction over the plaintiffs invasion of privacy claim under G.L.C. 214, §1B.[5] Summary judgmentfor the defendant on Count HI of the plaintiff s complaint was properly allowed. The judgment is affirmed.
So ordered.

 The plaintiff does not press her appeal on Count II for intentional interference because there is no evidence of the required element of “actual damage and loss resulting.” Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 123 (1988). See also Cacciola v. Nelhaus, 49 Mass. App. Ct. 746, 755 (2000). As to Count IV, the plaintiff also acknowledged at oral argument that only a party who “suffers any loss of money or property” may seek damages or injunctive relief under G.L.c. 93A, §11.

 The plaintiff properly does not claim that the statements are actionable per se as asserting a “loathsome disease,” an expression limited to diseases that are held in some special repugnance;” i.e., ordinarily those which are sexually transmitted or highly contagious. Chuy v. Philadelphia Eagles Football Club, supra at 1281, citing RESTATEMENT (SECOND) OFTORTS, §572 (1977).

 Berkshire, Essex, Middlesex and Norfolk Counties.

 Section 3 of St 1996, c. 358 expressly provides: “Notwithstanding the provisions of section nineteen C of chapter two hundred and eighteen of the General Laws, for civil actions otherwise subject to transfer, retransfer, removal and appeal, pursuant to sections ninety-seven to one hundred and seven, inclusive, of chapter two hundred and thirty-one of the General Laws, district courts in [the four designated counties] shall have the same equitable powers and jurisdiction as is provided for the superior court pursuant to chapter two hundred and fourteen of the General Laws for the purpose of the hearing and disposition of such cases [emphasis supplied] .” Section 3 does not provide, as the plaintiff suggests, that the District Court shall have jurisdiction in all cases governed by G.L.c. 214.

 The Superior Court dismissed this case pursuant to St 1996, c. 358, §5 for lack of the jurisdictional amount, undoubtedly based on a cover sheet describing a defamation case without special damages. The plaintiff did not take the statutory steps to prevent or appeal the dismissal or otherwise call the invasion of privacy jurisdiction issue to the attention of a Superior Court judge. The defendant had not yet appeared at that point