Curtin. J.
This is a Dist/Mun. Cts. R. A D. A, Rule 8C, appeal by defendant Roberta Golden (“Golden”) of the entry of summary judgment in favor of plaintiff *160 Elizabeth Fuller (“Fuller”) on Golden’s counterclaims for defamation and invasion of privacy.[2]
The dispositive facts are undisputed. Fuller is a constable who, on numerous occasions between January, 1999 and January, 2000, served process for defendant Golden, an attorney Golden failed to make full payment for the constable services performed by Fuller, and Fuller commenced this action on September 18, 2000. Summary judgment was allowed in favor of Fuller in the amount of $3,153.00, plus interest and costs, and a Mass. R Civ. R, Rule 54(b), separate and final judgment on her complaint was entered for Fuller on August 9, 2001. Golden did not appeal that judgment.
At issue on this appeal are Golden’s counterclaims. Viewed in the light most favorable to Golden, Lyons v. Nutt, 436 Mass. 244, 245 (2002), the parties’ Mass. R Civ. P., Rule 56, materials indicate that by January, 2000, Golden owed Fuller in excess of four thousand dollars for unpaid constable services. Golden in feet acknowledged her outstanding balance in written correspondence with Fuller and her attorney. On April 2, 2000, Fuller attended a Massachusetts Constables Association, Inc. meeting and informed the members present about “an Attorney (Roberta Golden) that has tailed to pay and is being taken to court for money” Fuller’s statement is reflected in the minutes of the Association's meeting. Approximately 20 people were in attendance. On April 6, 2000, Golden received an anonymous letter which stated: “Nelson Goldin knows all about you. That is why you have to pay him up-front Liz Fuller told him” Nelson Goldin is a member of the Massachusetts Constables Association, Inc.
Golden’s counterclaims for defemation and invasion of privacy are based on Fulleris statement at the constables meeting and on the anonymous letter. As noted, summary judgment was entered for Fuller on these counterclaims.
There was no error.
1. Tort recovery for slander requires proof of an oral publication by the defendant of a felse and defamatory statement about the plaintiff, Ellis v. Safety Ins. Co., 41 Mass. App. Ct. 630, 635 (1996), which either “prejudiced [the plaintiff! in his office, profession or business,” or resulted in his economic damage. See Alba v. Sampson, 44 Mass. App. Ct. 311, 312-313 (1998) (distinguishing slander and slander per se). Fuller’s statement at the constables’ meeting that Golden had failed to pay constable fees and was being taken to court for the money did not constitute actionable slander for the obvious reason that tire statement was true. Truth is an absolute defense to slander. Reznik v. Chief of Police of Southampton, 374 Mass. 475, 482 (1978). The record before us contains not only Golden’s own written acknowledgments that she had failed to pay Fuller’s fees, but also repeated demands by Fuller and her attorney for payment
There is no merit to Golden’s contention that Fuller’s statement at the April 2,2000 constables’ meeting was felse because Fuller had not commenced suit against her as of that date. Fuller’s actual statement was not that Golden had already been taken to court but that Golden “was being taken” to court Fuller's statement accurately reflected the parties’ circumstances before and at the time of the meeting, which involved unsuccessful demands by Fuller for payment her referral of the matter to an attorney for collection, and notice by that attorney to Golden that she could avoid legal action only by making full payment The existence of this action is certain proof that Golden “was being taken to court” for unpaid constable fees. Substantial, not just literal, truth is a defense to slander. Connor v. Standard Publishing Co., 183 Mass. 474, 478 (1903).
Second, the anonymous letter did not constitute actionable libel for several reasons, tiie most obvious of which that it was never published. “In order to he action *161 able, the statements [in question] must have been published: ie. communicated to at least a single individual other than the person defamed.” Ellis v. Safety Ins. Co., supra at 636. See also Brauer v. The Globe Newspaper Co., 351 Mass. 53, 56 (1966). The letter was addressed to, and received by, Golden herself.
Golden’s counterclaim for defamation is, at best, a testament to the practical wisdom of the prevailing judicial preference for the use of summary judgment in defamation cases. Mulgrew v. Taunton, 410 Mass. 631, 632-633 (1991); King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987). Fuller satisfied her Rule 56 burden by demonstrating that proof of essential elements of Golden’s counterclaims was “unlikely to be forthcoming” at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). Golden’s failure to marshal specific facts sufficient to demonstrate the existence of a genuine, triable issue properly resulted in the entry of summary judgment against her. White v. American Cas. Ins. Co., 53 Mass. App. Ct. 66, 72 (2001); Hendry v. Broadway Foods, Inc., 1998 Mass. App. Div. 37, 38.
2. There would appear to be even less factual support for Golden’s invasion of privacy counterclaim. Whatever its relative merits, or lack thereof, it is sufficient to note that the District Courts do not have subject matter jurisdiction over invasion of privacy claims. G.L.c. 214, §1B. See Ravnikar v. Bogojavlensky, 2001 Mass. App. Div. 197, 198; Ryan v. Normandin, 2001 Mass. App. Div. 148.
Judgment affirmed. Appeal dismissed.
So ordered.

 Golden has failed on this appeal to address her third counterclaim for infliction of emotional distress and it is thus deemed waived. Dist/Mun. Cts. R A D. A, Rule 16(a) (4). See Stigum v. Skloff, 433 Mass. 1011 (2001); Brown v. Perkins, 2001 Mass. App. Div. 214, 215 n.3.