Coven, J.
The defendant was defaulted, pursuant to Mass. R. Civ. P., Rule 33, for failing to answer interrogatories. The plaintiffs thereafter requested a hearing to assess damages. On the day of the scheduled hearing, the defendant called the motion judge’s attention to the demand for a jury trial he made in connection with his answer to the plaintiffs’ complaint, and asserted his right to a jury trial on the question of damages. The motion judge denied the defendant’s request. The judge assessed damages, judgment was entered and the defendant timely filed this Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal. The only issue presented is whether the defendant was entitled, as of right, to a jury trial on the issue of damages following the entry of a default for his failure to answer interrogatories.
The entry of judgment against a party who fails to answer interrogatories is governed by Mass. R. Civ. P., Rule 33(a)(6). Under that rule, the entry of judgment is subject to the final sentence of Mass. R. Civ. P., Rule 55(b)(4), which provides, in pertinent part:
If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages ... the court may conduct such hearings ... as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by statute.
The limited nature of the hearing is further developed in the following portion of the Reporter’s Notes to Rule 55:
The hearing is not a trial; if the court determines that the defendant is in default, his liability is established and may not be contested. The defaulted party is, however, provided an opportunity to contest the amount of damages; the court may hold such hearings as it deems necessary. ... In addition, a jury trial may be proper where provided by statute.
The defendant argues that the legislation creating the one trial system provides him the statutory right to a jury trial on the issue of damages following a default. In particular, he points to Section 8 of Chapter 358 of the Statutes of 1996 as granting him that right. Chapter 358 created a one trial system for civil cases in Norfolk and Middlesex counties, and was expanded to include Essex and Berkshire counties through Chapter 142 of the Statutes of 2000. Section 8 of Chapter 358 provides as follows:
[A]ll civil actions filed in the district courts of... [Essex]... shall be subject to one trial, with or without jury of six.... Any party may demand a trial by *36 jury of six of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing after the commencement of the action.
Thus contrary to the defendant’s contention, Section 8 does not itself create a right to a trial by jury on the issue of damages after default. Section 8 merely preserves the availability of a jury trial on any issue which is, in fact, "triable of right by a jury.” As we stated in Brossi v. Fisher, 1999 Mass. App. Div. 99, aff’d 51 Mass. App. Ct. 543 (2001), the one trial system begun by Chapter 358
was the Legislature’s response to the growing inefficiencies of the ‘transfer system’ of removal, remand and appeal of civil cases between the District and Superior Courts. Chapter 358 created a temporary, statutory experiment... under which civil cases, formerly subject to the transfer system, are entitled to a single trial in either the Superior or District Court depending on the reasonable likelihood that damages will exceed or be less than a jurisdictional dollar amount. Based on such amount, cases previously subject to removal and transfer remain within the original and exclusive jurisdiction of either the District or Superior Court.
Id. 1999 Mass. App. Div. at 101. Where the Legislature has wished to create a jury trial right by statute on the issue of damages, it has explicitly provided such a right. See G.L.c. 253, §36. We see nothing in either Section 8 or Chapter 358 in its entirety which would suggest any intent by the Legislature to alter established practice under Rule 55. See Silkey v. New England Tel. & Tel. Co., 9 Mass. App. Ct. 816 (1980) (Rule 55 affords a right to a jury trial on damages after default only as provided by statute). Compare Singer v. DeMartino, 1999 Mass. App. Div. 7, 11 (right to jury trial unaffected by entry of summary judgment on issue of liability pursuant to Rule 56). The defendant has not cited any applicable statute which would afford the right to a jury assessment of damages after default in this case.
Accordingly, there was no error in the motion judge’s denial of the defendant’s assertion of a right to a jury trial herein. Appeal dismissed.
So ordered.